No. 30,282.

THE BOGGS OIL AND DRILLING COMPANY, a Partnership Composed of E. O. BOGGS and E. M. BOGGS, *Appellees*, v. THE CONTINENTAL OIL COMPANY, *Appellant*.

(8 P. 2d 374.)

Opinion filed March 5, 1932.

*Robert R. Pruet* and *William H. Zwick*, both of Ponca City, Okla., for the appellant.

*Harold W. Herrick*, of Winfield, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action for a sum claimed to be due on a written contract for the sale of an oil and gas mining lease. Plaintiffs recovered, and defendant has appealed.

The contract sued on was executed between C. C. Stalling, designated the seller, and the Marland Oil Company, designated the buyer. Plaintiffs have succeeded to the interests of the seller, and defendant to the rights and liabilities of the buyer. Stalling had oil and gas leases on several tracts of land constituting a block in Sumner county, and had executed a contract for the drilling of a well on one of the leases. The contract sued on, dated May 26, 1926, recited this fact and that the well was to be drilled with diligence and dispatch, and without unnecessary delay, to a depth of Wilcox sand, approximately 3,500 feet, unless oil or gas were found in paying quantities, or granite encountered at a lesser depth. The contract also recited that "The buyer desires to buy from the seller certain acreage as protection near said well." The contract provided for the sale of the lease covering certain described land. The seller represented the title to the land covered by the lease to be sold was good, and agreed to furnish abstract of title, brought to date, showing good title. The buyer agreed to have the abstract examined within fifteen days after its receipt, and the seller was to have fifteen days to comply with requirements made thereon after the receipt of a list of them. No money was to be paid until the test well was completed, when $4,000 was to be paid. The seller agreed to execute and deliver assignment of the oil and gas lease and such other documents as would show good title, the assignment to be delivered "at the same time as abstract of title is furnished to said buyer which, in the terms of this contract, is contemplated to be on or before thirty (30) days from date hereof."

Plaintiffs proceeded with the drilling of the test well, which was completed about the last of September, and on October 14 they sent the abstract of title to defendant, stating the assignment of the lease would be executed and sent forward. Defendant answered promptly, returning the abstract of title to have it brought to the date it was tendered, and asked to have the original lease and assignment submitted. Plaintiffs returned the abstract to defendant on October 23, the same having been brought to date, with affidavits for identifying purposes attached, stating that the assignment would be brought down as soon as the abstract was passed upon. Defendant returned the abstract and accompanying papers in a letter, stating, "On account of Mr. Stalling's not complying with

our contract with him we are canceling this contract." This action for the sum due followed, with the result as hereinbefore stated.

In this court appellant contends that abstracts of title not having been furnished within thirty days of the date of the contract sued on, plaintiffs cannot recover, and argues that the thirty-day period was of the essence of the contract, and should be so declared as a matter of law. This contention cannot be sustained. The time for the submission of abstracts was not by its terms made the essence of the contract. In fact, the language of the contract clearly makes the thirty days not a definite or fixed time for the furnishing of the abstract, but only as a time that was "contemplated." By the provisions of the contract the abstract was to be furnished with the assignment of the oil and gas lease, payment for which was not to be made until after the test well was completed. There is nothing in the contract which would indicate that defendant was to have the assignment of the lease until it paid for it. At the time the contract sued on was executed, May 26, 1926, the contract for drilling the test well had already been let. It was to be completed as expeditiously as possible, and without unnecessary delay. Considered as a whole, the contract is open to the interpretation that the parties contemplated the well might be completed to the Wilcox sand within thirty days.

Appellant argues that, even though a contract does not specify that a time named therein is of the essence of the contract, the nature of the property dealt with by the contract and the surrounding circumstances may disclose the importance of promptness of performance within a definite time to be so great that the court will construe the provision as though the contract had provided that the time of performing was of the essence of the contract. Such a situation may exist, and substantially what is contended for by appellant arose in the case of *Kirk v. First National Bank*, 132 Kan. 404, 407, 295 Pac. 703. That action arose over the sale of an oil and gas lease, but there the evidence disclosed that the purchaser was buying the lease as a speculative proposition, and for resale, and conditions were shown to exist which made it important for the assignment to be delivered promptly if the lease was to be of any value to the purchaser, either for himself or for resale. No such situation is shown here. Defendant was not a speculator dealing in leases, but a producing company. Its desire to purchase the lease here in question for "protection" is recited in the contract; that is

to say, if the test well was a good producing well it wanted acreage near by for production purposes.

Defendant was not entitled to an assignment of the lease until the time came it was to pay, which was after the test well had been completed. The abstract was to be furnished with the assignment of the lease, which, in effect, was a provision that it would be furnished after the well was completed. The fact the parties might have "contemplated" that such a condition might be brought about within thirty days does not make the thirty days of the essence of the contract. It depended upon the completion of the test well, the drilling of which was to be prosecuted without unnecessary delay and to a depth of perhaps 3,500 feet. There is no contention in this record that the test well was not completed expeditiously and without unnecessary delay. Neither is there any contention that defendant suffered any inconvenience or damage by reason of the delay either in the completion of the well or in the furnishing of the abstract. The trial court specifically directed the attention of defendant to the fact that by its answer it claimed no damages by reason of such delay.

Under these circumstances we could not say, as a matter of law, that the contemplated time of thirty days for furnishing an abstract, provided by this contract, was a definite thirty-day period from the date of the contract and of the essence of the contract, and that the failure to furnish within that time barred recovery.

The judgment of the court below is affirmed.

HUTCHISON, J., not sitting.